■ EDMUND McCOLLIN, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Defendant and NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Appellant. MACKENZIE GROUP, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [731 NYS2d 179] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about March 24, 2000, which, to the extent appealed from as limited by the brief, granted the motion of third-party defendant Mackenzie Group, Inc. for summary judgment dismissing the third-party complaint against it, unanimously affirmed, without costs.

Summary judgment dismissing the third-party complaint as against Mackenzie was proper. Third-party plaintiff New York City Housing Authority's claim for contractual indemnification from Mackenzie is not viable since it is clear as a matter of law that plaintiff's injury did not result directly or indirectly from Mackenzie's work or that of any of its subcontractors and, thus, that conditions of the subject indemnification clause's applicability were unfulfilled. Plaintiff was employed by third-

party defendant NYNEX, not Mackenzie, and the record establishes that NYNEX did not subcontract with Mackenzie but rather dealt directly with third-party plaintiff Housing Authority. This being the case, the Housing Authority's reliance on section 18 (d) of the parties' contract, requiring Mackenzie to procure insurance that would protect the Housing Authority "against liability claims for bodily injury * * * arising from the operations of the Contractor and his subcontractors" is similarly unavailing. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.